UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EDGAR RAY KILLEN                                                              PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:10CV122-DPJ-FKB

JIM HOOD, JOHN DOAR, SIX UNKNOWN
AGENTS OF THE FBI, AND THE FEDERAL
BUREAU OF INVESTIGATION                                              DEFENDANTS

ORDER

This civil-rights action is before the Court on the Report and Recommendation of Magistrate Judge F. Keith Ball. Judge Ball, after considering Defendants' Motions to Dismiss [4, 13] and related briefing, recommended dismissal of Plaintiff Edgar Ray Killen's claims with prejudice. Plaintiff has now filed Objections, and the Federal Defendants filed a Response.[1] The Court, having considered the Report and Recommendation, Killen's Objection, and the Federal Defendants' Response, finds that the Report and Recommendation should be adopted as the opinion of the Court.

In 1967, Plaintiff Edgar Ray Killen, along with seventeen others, was tried in federal court in connection with the 1964 murders of three civil rights workers, James Chaney, Andrew Goodman, and Michael Schwerner. The jury convicted seven defendants, acquitted eight, and deadlocked as to three including Killen. Nearly forty years later, in 2005, a Neshoba County, Mississippi, jury convicted Killen of the murders. Killen filed this action in 2010, alleging violations of his civil rights in the investigation and prosecution of the crimes.[2] As Defendants,

---

[1] Defendant Jim Hood notified the Court of his intention not to file a Response.

[2] Killen also filed a petition for writ of habeas corpus, which is pending in this Court as *Edgar Ray Killen v. Christopher Epps*, No. 4:08cv77-HTW-LRA (S.D. Miss. filed June 17, 2008).

Killen named Mississippi Attorney General Jim Hood, the prosecutor in the state trial; John Doar, the federal prosecutor in the 1967 trial; and the Federal Bureau of Investigation.

Judge Ball concluded that Killen's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  In addition, Judge Ball observed that dismissal of various claims was appropriate on other grounds, including prosecutorial immunity, qualified immunity, Eleventh Amendment immunity, and *Heck v. Humphrey*, 512 U.S. 477 (1994).  The undersigned agrees with the findings and conclusions set forth by Judge Ball in his thorough and well-reasoned Report and Recommendation.  Those recommendations are hereby adopted consistent with this Order.  The Court will, however, elaborate on a few points based on Killen's Objection.

As an initial matter, the Court agrees with Judge Ball's assessment that the Complaint must be dismissed under Rule 12(b)(6).  *See Ashcroft v. Iqbal*, No. 07-1015, 129 S. Ct. 1937, 1949 (May 18, 2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

Among its reoccurring deficiencies, the Complaint simply fails to adequately provide facts supporting an injury.  This deficiency permeates each substantive cause of action.  As stated in the Report and Recommendation, Count I of the Complaint seems to anchor itself in an alleged First Amendment free speech and freedom of association claim, asserting that Killen's rights were chilled by alleged investigative and prosecutorial malfeasances in the 1960s.  But Killen did not learn of those alleged events, according to him, until 2007, *see* Objection [21] at

8–9, and the Complaint fails to suggest how his First Amendment rights were "chilled" after that date. Similarly, the Complaint fails to adequately plead his injuries related to Counts II and III.

Killen offers an explanation in his Objection, stating that "the damage to Mr. Killen was *fundamentally his incarceration*, an incarceration secured by the Defendants due to a fundamental breakdown in the adversarial nature of his proceedings." Objection [21] at 7 (emphasis added); *see also id.* at 11 (same and also suggesting that injury was the deprivation of a fair trial). This explanation demonstrates why the Complaint is not sufficient as those injuries were not expressly pled.

To the extent the Complaint can be read as adequately pleading incarceration and lack of a fair trial as the alleged injuries, then Killen's § 1983 and § 1985 claims run head long into *Heck v. Humphreys*.[3] 512 U.S. 477. In *Heck*, the Supreme Court addressed whether a claim for monetary damages which essentially challenges Plaintiff's conviction or imprisonment is cognizable under § 1983. The Court found that it is not:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

---

[3]Defendants initially moved to dismiss only Count III based on *Heck*, as that count seemed to focus more directly on the alleged unconstitutional effect on Killen's trial. But because Killen now contends in his Objection that his incarceration is the injury forming the basis for all of his claims, it is appropriate to consider whether such a position is "facial[ly] plausibl[e]" in light of *Heck*. *Iqbal*, 129 S. Ct. at 1949. It is not.

>dismissed unless the plaintiff can demonstrate that the conviction or sentence has
>already been invalidated.

*Id.* at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

In his Objection, Killen points to a footnote in *Heck* where the Court mentioned that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial" because of doctrines such as inevitable discovery, independent source, and harmless error. *Heck*, 512 U.S. at 487 n.7 (citations omitted). But, the Court noted that the "plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which . . . does *not* encompass the 'injury' of being convicted and imprisoned." *Id.* (citations omitted, emphasis in original).

As stated, Killen contends that his damage is "fundamentally his incarceration . . ." which resulted from an unfair trial. Objection [21] at 7, 11. Such a claim necessarily implies the invalidity of the conviction itself. *Heck* applies. 512 U.S. at 487. Moreover, Killen's Objection demonstrates why *Heck* also precludes any claim as to the alleged conduct in the 1960s. According to Killen, Defendants engaged in a forty-year conspiracy in which tainted evidence from his 1967 trial was used in 2005, and resulted in conviction. Objection at 11, 12. In other words, Killen claims that the alleged conduct in the 1960's is intertwined with his conviction in 2005. A ruling in Killen's favor would necessarily imply the invalidity of the 2005 conviction. Thus, Killen's § 1983 and § 1985 claims are barred by *Heck*. *See Stephenson v. Reno*, 28 F.3d 26, 28 (5th Cir. 1994) (holding *Bivens* action based on § 1985 claims subject to *Heck*).[4]

---

[4]Killen states in the "Jurisdictional" section of his Complaint that he has also included state-law claims. The only possible count that could include a state-law claim is Count III (Count is expressly based on § 1983; Count II is expressly based on § 1985). Count III is titled, "Conspiracy; Conspiracy to Abuse Process and Tortuously Interfere with the Adversarial

Pleading deficiencies under *Iqbal*/*Twombly* related to pleading an injury and the failure to exhaust under *Heck* are not the only reasons to dismiss Killen's Complaint. Much of Killen's Objection is devoted to his belief that a conspiracy existed and various individuals worked to keep the conspiracy secret. But to support a § 1983 conspiracy claim, Killen must allege facts that suggest: "1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (internal citations omitted). Because the Court finds that Killen has failed to allege a deprivation of constitutional rights—other than the *Heck*-barred incarceration related injuries—any § 1983 conspiracy claim is due to be dismissed.

In addition, the claims against the Federal Bureau of Investigation are barred. Killen observes that the Report and Recommendation incorrectly relied upon the Eleventh Amendment with respect to the claims against the FBI. Report and Recommendation at 6. He is correct, and that portion of the Recommendation is modified to reflect that claims against the FBI are barred

---

Process." Compl. [1] at 12. That count makes no reference to § 1983 or 1985, but it specifically references a Sixth Amendment right to an "adversary system of criminal justice" and then avers that "interference with this process is interference with a guaranteed constitutional right." *Id.* ¶35. Later in Count III, Killen alleges that the Defendants continued "unconstitutional activities" in a way that "fundamentally broke down the adversarial process . . . ." *Id.* ¶ 38. This later phrase was lifted from Eleventh Circuit jurisprudence, and denotes a certain type Sixth Amendment issue that renders a conviction invalid. *Chadwick v. Green*, 740 F.2d 897, 901 (11th Cir. 1984). Of course a constitutional claim must arise under § 1983.

Finally, if there is a state-law claim intended in Count III, it fails first under Rule 12(b)(6) for lack of sufficient pleading. Second any state-law claim in Count III is premised on the same challenge to the fairness of Killen's trial and would constitute an impermissible collateral attack on the conviction. *Hainze v. Richards*, 207 F.3d 795, 798-799 (5th Cir. 2000) (affirming dismissal of state-law claims based on *Heck*); *see also Heck*, 512 U.S. at 484–85 ("[T]o permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit.").

by *sovereign* immunity. "The United States is immune from suit absent a waiver. The FBI, as an agency of the United States, is entitled to sovereign immunity." *Jenoriki v. U.S. Postal Inspection Serv.*, 24 F.3d 240, No. 93-2721 (5th Cir. May 23, 1994) (citations omitted) (unpublished table decision). Pursuant to the Federal Tort Claims Act, "[t]he United States relinquishes sovereign immunity only for those torts recognized by the appropriate state law and actionable against private parties." *Sanchez v Rowe*, 870 F.2d 291, 295 (5th Cir. 1989); *see* 28 U.S.C. § 1346(b). "A constitutional claim does not arise under the [FTCA] and is barred by sovereign immunity." *Jenoriki*, 24 F.3d 240 at *1 (citing *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 223 (5th Cir. 1989), *cert. denied*, 493 U.S. 1083 (1990) (dismissing claims based on the United States Constitution); *see also Sanchez v Rowe*, 870 F.2d 291, 295 (5th Cir. 1989) (noting "suits for violations of federal constitutional rights, even though tortious in nature, are not within the scope of the FTCA").

Judge Ball also commented that various claims against Hood and Doar are subject to dismissal based on absolute prosecutorial immunity and/or qualified immunity. Killen disagrees and states the applicability of immunity "is a factual one that must only be accomplished through discovery," which has not occurred. Objection at 16. It is recognized that qualified immunity protects public officials not just from liability but also from the burdens of litigation. *Manis ex rel. Plaisance v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526; *see also Brown v. Tex. A & M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) ("[T]he issue of qualified immunity is a threshold

6

question, and '[u]ntil this threshold immunity question is resolved, discovery should not be allowed.'").[5] When the conclusory and legalistic averments regarding these defendants are stripped from the Complaint, the remaining allegations are not sufficient to evade prosecutorial and/or qualified immunity.

Killen also objects to Judge Ball's choice to not hold a hearing on Defendants' Motions to Dismiss prior to entering a Report and Recommendation, claiming such a hearing is required pursuant to Federal Rule of Civil Procedure 72(b). Killen complains that Judge Ball "did not hold any hearings or provide any opportunity to present evidence or address procedural burdens associated with the claims made and the motions to dismiss." Objection at 23. First, Defendants sought dismissal pursuant to Rule 12(b)(6). The ruling was based on the allegations contained in the Complaint—not evidentiary submissions—so, denying Killen the opportunity to "present evidence" was not error. Second, a hearing was not essential under Rule 72(b)(1), which addresses dispositive motions referred to a magistrate judge:

> A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must

---

[5] Killen further implies that Judge Ball erroneously applied the two-part test for qualified immunity by finding that Killen had failed to allege the violation of any clearly established constitutional right. Report and Recommendation at 7. In addressing a claim of qualified immunity, the Court considers "whether the plaintiff has adduced facts sufficient to establish a constitutional or statutory violation" and "'whether [the officers'] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question.'" *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (quoting *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)) (other citations omitted). It is within the lower court's discretion to decide which prong of the qualified immunity analysis to address first. *Collier*, 569 F.3d at 217 (quoting *Pearson v. Callahan*, No. 07-751, 129 S. Ct. 808, 818 (Jan. 21, 2009)).

>enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.

Contrary to Killen's argument, Rule 72(b)(1) does not require, or even suggest, the magistrate judge must hold a hearing. *See Shultz v. Berrios*, No. 10-10486, 2011 WL 721303, at *3 (E.D. Mich. Feb. 23, 2011) ("There is no authority, however, requiring a magistrate judge to conduct an evidentiary hearing prior to making a recommendation on a dispositive matter."). It does provide that if an evidentiary proceeding is held, a record of the hearing must be made. *See Taylor v. Farrier*, 910 F.2d 518, 519-520 (8th Cir. 1990) (noting that if an evidentiary hearing is held by a magistrate judge, the district court must review the record from that hearing). The Court rejects Killen's argument that a hearing on the motions to dismiss was mandatory.

In sum, the Court finds that the Report and Recommendation of Magistrate Judge F. Keith Ball should be adopted as the opinion of this Court. Defendants' motions are granted, and Plaintiff's claims are dismissed with prejudice.[6]

A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 23rd day of March, 2011.

>s/ *Daniel P. Jordan III*
>UNITED STATES DISTRICT JUDGE

---

[6] To the extent the claims are dismissed based on *Heck*, they are dismissed with prejudice until the *Heck* conditions were met. *See Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996).